IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| MAKAYLA CARROLL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. _____ |
| | § | |
| STATE FARM LLOYD'S | § | JURY DEMAND |
| INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant State Farm Lloyds ("State Farm" or "Defendant"), incorrectly identified in Plaintiff's Original Petition as "State Farm Lloyd's Insurance Company," files this Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division, on the basis of diversity of citizenship and amount in controversy and respectfully show:

### I.
### FACTUAL AND PROCEDURAL BACKGROUND

1. On June 1, 2015, Plaintiff Makayla Carroll filed her Original Petition in the matter styled *Makayla Carroll v. State Farm Lloyd's Insurance Company*, Cause No. 10463-D, in the 350th Judicial District Court of Taylor County, Texas. The lawsuit arises out of a claim Plaintiff made for damages to her home under a homeowner's insurance policy with State Farm.

2. Plaintiff served State Farm with a copy of the Original Petition on or about June 19, 2015.

3. Defendant State Farm files this Notice of Removal within 30 days of receiving Plaintiff's pleading. *See* 28 U.S.C. §1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id.*

4. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a). A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

5. As required by 28 U.S.C. § 1446(a), and Rule 81.1 of the Local Rules for the United States District Court of the Northern District of Texas, being filed simultaneously with the filing of this Notice of Removal is an Index of State Court Documents, which is attached hereto as Exhibit "A." A copy of the District Clerk's Case Summary sheet is attached hereto as Exhibit "B." A copy of the Civil Case Information Sheet is attached hereto as Exhibit "C." A copy of Plaintiff's Original Petition is attached hereto as Exhibit "D." A copy of Plaintiff's Letter Requesting Jury Trial is attached hereto as Exhibit "E." A copy of Plaintiff's Letter Requesting Citation is attached hereto as Exhibit "F." A copy of the Citation to Defendant State Farm Lloyds is attached hereto as Exhibit "G." A copy of State Farm Lloyds' Special Exceptions and Original Answer to Plaintiff's Original Petition is attached hereto as Exhibit "H." Also included with this filing are Defendant State Farm Lloyds' Certificate of Interested Persons, which is attached hereto as Exhibit "I," and a Supplemental Civil Cover Sheet.

6. Venue is proper in this Court under 28 U.S.C. §1441(a) because this district and division embrace Taylor County, Texas, the place where the removed action has been pending and where the incident giving rise to this lawsuit took place.

## II.
## BASIS FOR REMOVAL

7. Removal is proper based on diversity of citizenship under 28 U.S.C. §§1332(a), 1441(a) and 1446.

### A. Diversity of Citizenship

8. Plaintiff is, and was at the time the lawsuit was filed, a resident of Taylor County, Texas, and a citizen of the State of Texas. *See* Pl's Original Pet. ¶ 3, attached hereto as Exhibit "D."

9. Defendant State Farm Lloyds, is, and was at the time the lawsuit was filed, a citizen of the states of Illinois, Colorado and Pennsylvania. State Farm Lloyds is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an association of underwriters, each of whom, at the time this action was commenced were, and still are, citizens and residents of the states of Illinois, Colorado and Pennsylvania. Therefore, State Farm Lloyds is a citizen and resident of the states of Illinois, Colorado and Pennsylvania for diversity purposes. *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993); *Massey v. State Farm Lloyd's Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998 ("the citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters."); *Rappaport v. State Farm Lloyd's*, 1998 WL 249211 (N.D. Tex. 1998) (finding that State Farm Lloyd's is an unincorporated association whose members are completely diverse with Plaintiff, and denying remand).

10. Because Plaintiff is a citizen of Texas and Defendant State Farm Lloyds is a citizen of Illinois, Colorado and Pennsylvania, complete diversity of citizenship exists in this matter.

B. **The Amount in Controversy Exceeds $75,000.00**

11. This is a civil action in which the amount in controversy exceeds $75,000.00. In her complaint, Plaintiff alleges a variety of claims "revolv[ing] largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property." *See* Pl's Original Pet. ¶ 5, attached hereto as Exhibit "D." Specifically, but without limitation, Plaintiff alleges that Defendant State Farm breached the insurance policy number 84-B8-K318-5, with a Dwelling Limit of $76,800.00, a Dwelling Extension Limit of $7,680.00, a Contents Limit of $57,600.00, and an Additional Living Expense Limit of the Actual Loss Sustained, for the property located at 1601 Burger Street, Abilene, Texas 79603-3439 (the property giving rise to the present dispute). *See* Exhibit "J," Declaration of Scott L. Rogers, attached hereto and fully incorporated herein as if set out in full. In determining the amount in controversy, the Court may consider "policy limits ... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

12. In addition, Plaintiff's Original Petition seeks damages for negligence, breach of contract, violations of the Texas Deceptive Trade Practices Act, violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, breach of fiduciary duty, misrepresentation, and fraud by negligent misrepresentation. Plaintiff asks to be awarded actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, attorney's fees, and court costs. Plaintiff claims that she is seeking "monetary relief over $100,000 but not more than $200,000." *See* Pl's Original Pet. ¶ 70, attached hereto as Exhibit "D." Based on the limits of the underlying insurance policy and the allegations set forth in Plaintiff's Original Petition, the amount in controversy in this case exceeds the $75,000.00 jurisdictional requirement.

## Conclusion and Prayer

13.    All requirements are met for removal under 28 U.S.C. §§ 1332 and 1441. Accordingly, Defendant State Farm Lloyds hereby removes this case to this Court for trial and determination.

/s/ Rhonda J. Thompson
Rhonda J. Thompson
State Bar No.: 24029862
Scott L. Rogers
State Bar No.: 24064369

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
Email: rthompson@thompsoncoe.com
Email: slrogers@thompsoncoe.com

**COUNSEL FOR DEFENDANT
STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

This is to certify that on the 17th day of July, 2015, a true and correct copy of the foregoing was delivered to the following counsel of record by electronic service and/or facsimile transmission and/or certified mail, return receipt requested:

Bill L. Voss
Scott G. Hunziker
Zach Moseley
THE VOSS LAW FIRM, P.C.
26619 Interstate 45 South
The Woodlands, Texas 77380
   *Counsel for Plaintiff*

/s/ Rhonda J. Thompson
Rhonda J. Thompson